IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**Brenda Joyce Clark-Israel**                                                                              **Plaintiff**

v.                                    No. 5:15-CV–037-BSM-PSH

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                                     **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Brian S. Miller.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Brenda Joyce Clark-Israel seeks judicial review of the denial of her second application for disability insurance benefits (DIB).[3] In the second application, Clark-Israel alleged she was disabled when she stopped working in January 2007, but she later amended her alleged onset date to December 1, 2011.[4] The latter date is important because a claimant must be insured to receive DIB and insured status expired on December 31, 2011. Clark-Israel based disability on arthritis in the ankles, diabetes, and heart problems.[5]

**The Commissioner's decision**. This case considers a narrow time period: from December 1, 2011 — the amended onset date — to December 31, 2011 — the day insured status expired. For this time period, the Commissioner's ALJ identified severe impairments: osteoarthritis, obesity, diabetes, depression, history of alcohol abuse, and drug abuse in remission.[6] The ALJ determined Clark-Israel could have done medium work, to include her past work as a cashier II and order puller.[7] Because a person who

---

[3]SSA record at p. 128. *See id*. at pp. 27, 68, 131 & 143 (indicating denial of prior application).

[4]*Id*. at p. 27.

[5]*Id*. at p. 147.

[6]*Id*. at p. 12.

[7]*Id*. at pp. 15-18.

can do her past work is not disabled under social security law, the ALJ determined Clark-Israel was not disabled and denied the application.[8]

After the Commissioner's Appeals Council denied review,[9] Clark-Israel filed this case to challenge the decision.[10] This recommended disposition explains why the court should affirm the decision.

**Clark-Israel's allegations**. Clark-Israel generally challenges the determination that she could do some medium work. She claims depression and arthritis in the knees prevented her from working. She says the ALJ should have developed the record about mental impairment.

**Applicable legal principles**. In reviewing a decision denying an application for DIB, the court must determine whether substantial evidence supports the decision.[11] Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the decision.[12]

**Substantial evidence supports the determination that Clark-Israel can do past work**. To obtain DIB, a claimant must prove she was disabled before insured status

---

[8]*Id*. at p. 18.

[9]*Id*. at p. 1.

[10]Docket entry # 1.

[11]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[12]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

expires.[13]  A claimant must prove disability with medical evidence; her allegations are not enough.[14]

**Medical evidence shows no significant impairment during the relevant time period**.  In September 2009 — 23 months before insured status expired — diagnostic imaging showed minimal to mild degenerative changes in both knees.[15]  In November 2012 — 10 months after insured status expired — diagnostic imaging of the left knee showed no significant degenerative changes.[16]  The descriptors "minimal," "mild," and

---

[13]*See* 42 U.S.C. §§ 416(i), 423(c).  "In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status."  *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[14]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[15]SSA record at p. 247.

[16]*Id*. at p. 281.

"no significant" provide no basis for disabling symptoms.  In June 2012, Clark-Israel was diagnosed with diabetes,[17] but there is no evidence of diabetes during the relevant time period.  There is no evidence supporting the allegations underlying the claim.

According to agency medical experts, Clark-Israel could do medium work[18] before insured status expired.[19]  In the absence of controverting medical evidence, the ALJ properly adopted expert medical assessments.  A reasonable mind will accept the evidence as adequate to support the decision, because there is no evidence of a severe physical impairment before insured status expired, and because medical experts opined that Clark-Israel could do medium work.

**No need existed to develop evidence of mental impairment**.  The ALJ must fairly and fully develop the record as to the matters at issue.[20]  Although mental impairment was not at issue — Clark-Israel didn't base her claim on mental impairment — an ALJ must develop the record about mental impairment if sufficient evidence

---

[17]*Id*. at p. 251.

[18]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds If someone can do medium work, we determine that he or she can also do sedentary and light work."  20 C.F.R. § 404.1567(c).

[19]SSA record at pp. 57 & 69.

[20]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

alerts the ALJ to the possibility of a severe mental impairment.[21]  No evidence implicates a severe mental impairment.

In January 2007, Clark-Israel lost her job; in March 2007, she was hospitalized for depression.[22]  She reported that she stopped working because of her medical condition,[23] but during the hospitalization, she stated that she was fired for writing a hot check at work; she felt desperate because her husband was laid off and her employer discovered the check before she could repay the money.[24]  She was treated and discharged.  She received no further mental health treatment.  This evidence does not implicate a severe mental impairment.

Even if Clark-Israel experienced some depression, the ALJ accounted for mental impairment by limiting her to unskilled work.[25]  A reasonable mind will accept the evidence as adequate to support the decision, because there is no evidence of a severe mental impairment before insured status expired and because the ALJ accounted for

---

[21]*Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012).

[22]SSA record at p. 210.

[23]*Id*. at p. 147.

[24]*Id*. at p. 223.

[25]Unskilled work involves: (1) simple instructions, (2) simple work related judgment, (3) tasks learned and performed by rote, (4) few variables, (5) little judgment, (6) few changes, (7) incidental interpersonal contact, and (8) simple, direct, concrete supervision.

depression by requiring unskilled work.

**Vocational evidence supports the decision**.  At step four of the disability-determination process, the ALJ determines whether the claimant can do her past work.[26]  A claimant who can do her past work is not disabled.[27]  The ALJ may consult a vocational expert to determine whether the claimant can do her past work.[28]

The ALJ asked a vocational expert to classify past work.  The vocational expert classified cashier as light unskilled work and order puller as medium unskilled work.[29]  This work meets the requirements for medium unskilled work.  A reasonable mind will accept the evidence as adequate to show Clark-Israel could have done her past work before insured status expired, because past work did not exceed her ability to work.

---

[26]20 C.F.R. § 404.1520(a)(4).

[27]*Id*.

[28]20 C.F.R. § 404.1560(b)(2) ("In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.").

[29]SSA record at p. 47.

**Conclusion and Recommended Disposition**

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. The ALJ identified severe impairments, but the evidence shows no severe impairment before insured status expired. Nothing implicates the inability to do unskilled medium work.

Contrary to earlier report, Clark-Israel stopped work for reasons unrelated to her current impairments. If the ALJ erred, it was by identifying severe impairments at step two and proceeding through the disability-determination process. No harm flowed from that error. For these reasons, the undersigned magistrate judge recommends DENYING the request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 12th day of January, 2016.

_____
United States Magistrate Judge